Singh v. Lynch

BIA
Segal, IJ
A200 892 517

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of June, two thousand fifteen.

PRESENT:
      JON O. NEWMAN,
      RICHARD C. WESLEY,
      GERARD E. LYNCH,
         *Circuit Judges.*

_____

GURPREET SINGH,
      *Petitioner,*

      v.               14-2129
                         NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
      *Respondent.*

_____

**FOR PETITIONER:**      Amy Nussbaum Gell, Gell & Gell, New York, NY.

**FOR RESPONDENT:** Benjamin Mizer, Acting Assistant Attorney General; Shelley R. Goad, Assistant Director; Jennifer R. Khouri, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Gurpreet Singh, a native and citizen of India, seeks review of a June 11, 2014, decision of the BIA affirming the January 14, 2013, decision of an Immigration Judge ("IJ"), denying his application for asylum, withholding of removal, and relief pursuant to the Convention Against Torture ("CAT"). *In re Gurpreet Singh*, No. A200 892 517 (B.I.A. June 11, 2014), *aff'g* No. A200 892 517 (Immig. Ct. N.Y. City Jan. 14, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decisions of both the IJ and the BIA "for the sake of completeness." *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of

2

review are well established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications like Singh's, governed by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances," base a credibility determination on inconsistencies in an asylum applicant's statements and other record evidence "without regard to whether" the inconsistencies go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii).  "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such" a ruling.  *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam).  Substantial evidence supports the agency's adverse credibility determination.

The agency reasonably relied on multiple inconsistencies in finding Singh not credible.  For example, Singh repeatedly testified that his father was a member of Akali Dal, and multiple supporting affidavits also described his father as a member of that party.  However, when Singh was asked for documentary evidence of his father's membership in Akali Dal, he asserted that his father was not a member but only worked or volunteered

3

for the party.  The agency was not compelled to credit Singh's explanation for this inconsistency.  *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

In addition, Singh failed to mention in his asylum application that his hair was cut when he was attacked.  *Xiu Xia Lin*, 534 F.3d at 166 n.3.  In the application, Singh described in detail his attack and the resulting injuries.  However, he testified before the IJ that his hair was cut when he was attacked, which he considered humiliating and insulting to his religion, which requires long hair. The agency was not required to credit Singh's explanation for this omission from his asylum application, which was highly relevant to whether Singh was attacked on account of his identity as a Sikh.  *See Majidi*, 430 F.3d at 80-81.  Finally, Singh's testimony and an affidavit from a village leader differed regarding whether the leader accompanied Singh to report an incident to the police.

Given the material inconsistencies, substantial evidence supports the agency's adverse credibility determination.  *See Xiu Xia Lin*, 534 F.3d at 167.

Singh argues that the agency erroneously failed to make a distinct credibility finding with respect to CAT relief. A

4

finding that the petitioner is not credible as to his or her subjective fear of persecution will not necessarily preclude a grant of withholding of removal or CAT relief if the IJ believed some aspect of the petitioner's claim. *See Paul v. Gonzales*, 444 F.3d 148, 155-157 (2d Cir. 2006) (remanding for the agency to consider the risk of future persecution where the IJ found not credible the alien's claim of past persecution but nonetheless credited his testimony that he was a Christian); *cf. Ramsameachire v. Ashcroft*, 357 F.3d 169, 184-185 (2d Cir. 2004)(applying this principle to a CAT claim). Here, However, Singh cannot rely on evidence that the government mistreats Sikh radicals, such as those involved in Akali Dal, because the agency did not credit his assertion that he and his father were indeed Sikh radicals. Moreover, the record evidence does not show that Sikhs generally are subjected to torture in India; Singh is thus unable to show that he would more likely than not be tortured. *See* 8 C.F.R. §§ 1208.16(c), 1208.17; *Khouzam v. Ashcroft*, 361 F.3d 161, 168 (2d Cir. 2004).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk